## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**MICHAEL DIXON**                  )
*on behalf of himself and others*  )
*similarly situated,*              )
                                   )
    Plaintiff,  )
                                   )
vs.                                )     Case No.:   2:18-cv-2171
                                   )
**BOKF, N.A.** (d/b/a Home Direct  )
Mortgage                           )
                                   )
    Defendant.  )
_____

### COMPLAINT
### Collective Action under Fair Labor Standards Act

**COMES NOW**, the Plaintiff Michael Dixon, on behalf of himself and all others similarly situated, and brings this action against Defendant BOKF, N.A. (d/b/a Home Direct Mortgage) for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Kansas Wage Payment Act ("KWPA"), Kan. Stat. § 44-313 *et seq.*, for failing to pay overtime at one and one-half the regular rate of pay, and for failing to pay for all overtime hours worked.  Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated persons working as Mortgage Bankers for Defendant at its Overland Park, Kansas office.  Plaintiff's KWPA claims are asserted under Fed.R.Civ.P. 23 on behalf of all similarly situated persons working as Mortgage Bankers for Defendant at its Overland Park, Kansas office.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts and experiences of others similarly situated.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, in that this action is being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2.      Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391 because Defendant maintains a business location in Overland Park, Johnson County, Kansas where Plaintiff was employed as a Mortgage Banker for Defendant, and Defendant does business in this district.

## PARTIES

3.      Defendant BOKF, N.A. is a banking institute that falls under the national bank charter class. Its headquarters is located at One Williams Center, Tulsa, Oklahoma. Defendant operates a division providing retail mortgage services called Home Direct Mortgage located at 11607 West 158th Terrace, Overland Park, Kansas.  The Defendant's Chief Executive Officer is Steven Bradshaw.

4.      Defendant is engaged in interstate commerce by, among other things, selling mortgage loans and other financial products at its office location in Overland Park, Kansas.

5.      Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

6.      Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

7.      Defendant is, and has been, an "employer" of Plaintiff, and others similarly situated, within the meaning of the KWPA, Kan. Stat. § 44-313(a).

8.     Plaintiff Michael Dixon (hereafter "Plaintiff") resides in Overland Park, Kansas.  Plaintiff worked for Defendant as a Mortgage Banker from on or about November 2014 through on or about February 2018 at Defendant's office located in Overland Park, Kansas.  Numerous other similarly situated Mortgage Bankers employed by Defendant worked with the Plaintiff at this location.

9.     Plaintiff, and others similarly situated, are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

10.    Plaintiff, and others similarly situated, are current or former "employees" of Epic within the meaning of the KWPA 44-313(b).

11.    Plaintiff and others similarly situated have been employed by Defendant within two to three years prior to the filing of this lawsuit.  *See* 29 U.S.C. § 255(a).

12.    Plaintiff and others similarly situated are individuals who were, or are, employed by Defendant as Mortgage Bankers, or as employees with similar job duties, at Defendant's Overland Park, Kansas office location.

## FACTUAL ALLEGATIONS

13.    Plaintiff and others similarly situated worked as Mortgage Banker for Defendant.

14.    Defendant is a financial institution that, among other things, sells financial products to customers including mortgage products.

15.    As Mortgage Bankers, Plaintiff and others similarly situated, had or have the primary duty of selling mortgage loan products for Defendant.  This primary duty established the Plaintiff and others similarly as being entitled to overtime pay under the FLSA and KWPA (*i.e.,* nonexempt employees under the FLSA and the KWPA).

16.     Plaintiff and others similarly situated performed this duty primarily from Defendant's offices located in Overland Park, Kansas.

17.     On a weekly basis throughout their employment, the Plaintiff and others similarly situated, routinely worked in excess of forty hours per workweek during their employment with Defendant without receiving proper overtime compensation as required under the FLSA and the KWPA.

18.     First, Defendant failed to include all nondiscretionary income earned by Plaintiff and others similarly situated when calculating their overtime rate of pay.  In particular, Defendant failed to include nondiscretionary commission or bonus income. This offense occurred each and every week the Plaintiff or others similarly situated reported overtime hours to the Defendant.  This conduct violated the FLSA and KWPA.

19.     Second, any overtime that was paid by the Defendant was based on the "hourly draw" rate of pay that was later deducted from commission income earned.  In essence, any overtime that was paid under this scheme, was later deducted.  Therefore, no overtime was actually being paid, and Plaintiff and others similarly situated were being paid the same amount regardless of hours worked.  This offense occurred each and every week the Plaintiff or others similarly situated worked and/or reported overtime hours to the Defendant.  This conduct violated the FLSA and KWPA.

20.     Third, the Defendant failed to compensate Plaintiff and others similarly situated for all actual overtime hours worked.  On average, the Plaintiff worked an additional 4-5 hours per workweek in the evening and/or on weekends.  Despite having actual or constructive knowledge of these additional hours being worked, Defendant failed to pay Plaintiff and others similarly situated the proper overtime compensation. This conduct violated the FLSA and KWPA.

21.     Regarding the allegations asserted in ¶¶ 18-20, *supra*, Plaintiff observed other Mortgage Bankers experiencing the same violations of the FLSA and KWPA.

22.     The FLSA and KWPA requires covered employers, such as Defendant, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.  When calculating the regular rate of pay, it shall include all nondiscretionary compensation. Calculating the overtime rate of pay under the FLSA and the KWPA also requires the Defendant to properly record all hours worked each workweek by the Plaintiff and others similarly situated.  Defendant failed these FLSA and the KWPA obligations regarding the Plaintiff and all others similarly situated.

23.     Under its practice, Defendant also discouraged Plaintiff and others similarly situated from recording over forty hours worked per workweek despite this work being performed.

24.     Defendant's conduct was willful and in bad faith.  Defendant was aware, or should have been aware, that Plaintiff and others similarly situated performed work that required payment of the correct overtime compensation for all hours actually worked and that its nondiscretionary commission income must be included when calculating the overtime rate of pay.

25.     Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiff and others similarly situated as required by law.

26.     Moreover, it is common knowledge within the financial industry that courts and the United States Department of Labor have found loan originators to be non-exempt and entitled to overtime compensation, and that commission income should be included in calculating their overtime rate of pay.

## COUNT I
## FLSA COLLECTIVE ACTION

27.     Plaintiff, on behalf of himself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

28.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

29.     Plaintiff files this action on behalf of himself and all others similarly situated pursuant to the FLSA, 29 U.S.C. §216(b).   The proposed collective class for the FLSA claims is defined as follows:

> All persons who worked as a Mortgage Bankers (or persons with similar job duties) for Defendant at its Overland Park, Kansas location within three years prior to the filing of this Complaint (hereafter the "FLSA Collective").

30.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Plaintiff because the claims Plaintiff are similar to the FLSA Collective.

31.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).   Plaintiff's signed consent form is attached as **Exhibit A**.

32.     During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation at the proper overtime rate of pay for their overtime hours worked in violation of the FLSA.

33.     Plaintiff, and the FLSA Collective, are similarly situated in that they all have the same primary job duties, are all subject to Defendant's same corporate policies and procedures governing every aspect of their job duties, all routinely work(ed) in excess of

forty hours per workweek, and are all subject to the same pay policy of not paying all overtime compensation at the proper overtime rate of pay for hours worked in excess of forty per workweek.

34.    Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime pay owed.

35.    Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

36.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

37.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages.  Plaintiff and the FLSA Collective under § 216(b) of the FLSA are entitled to liquidated damages and attorney's fees and costs incurred in connection with enforcing this claim.

38.    The Plaintiff and the FLSA Collective have suffered from Defendant's common policies and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and others similarly situated, pray for relief as follows:

a)   Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b)   Judgment against Defendant finding it failed to properly pay Plaintiff and those similarly situated overtime at the correct overtime rate of pay and for all overtime hours worked as required under the FLSA;

c)   Judgment against Defendant for Plaintiff and those similarly situated for damages for unpaid overtime pay;

d)   An amount equal to their damages as liquidated damages;

e)   A finding that Defendant's violations of the FLSA are willful;

f)   All costs and attorneys' fees incurred prosecuting this claim;

g)   An award of prejudgment interest (to the extent liquidated damages are not awarded);

h)   Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i)   Leave to amend to add additional state law claims; and

j)   All further relief as the Court deems just and equitable.

## COUNT II
## RULE 23 CLASS UNDER KWPA FOR OVERTIME OWED

39.   Plaintiff, on behalf of himself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

40.   The KWPA requires an employer such as Defendant to pay employees such as Plaintiff, and others similarly situated, the earned wages owed on each of the employer's designated pay periods.  Kan. Stat. § 44-314(a).  Overtime wages at one and one-half an employee's regular rate of pay, for all overtime hours worked per workweek, as required under the FLSA become due on each of Defendant's pay periods.

41.     Plaintiff brings his overtime wage claim pursuant to the KWPA, Kan. Stat. § 44-313 *et seq.* as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class:

> All persons who worked as a Mortgage Bankers (or persons with similar job duties) for Defendant at its Overland Park, Kansas location within three years prior to the filing of this Complaint (hereafter the "FLSA Collective").

42.     Defendant violated the KWPA by failing to compensate Plaintiff and the Kansas Overtime Class overtime wages due at each pay period at the correct overtime rate of pay for all overtime hours worked as required under the FLSA.

43.     Class action treatment of Plaintiff's KWPA claim is appropriate because, as alleged in paragraphs 44-49, *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

44.     The Kansas Overtime Class includes over fifty individuals and, as such, is so numerous that joinder of all class members is impracticable.

45.     Plaintiff is a member of the Kansas Overtime Class, and his KWPA claim is typical of the claims of other Kansas Overtime Class members.  For example, Plaintiff and the Kansas Overtime Class members share an identical legal and financial interest in obtaining a judicial finding that Defendant violated the KWPA when it failed to pay them at the proper overtime rate of pay and all overtime hours worked as required under the FLSA.  Plaintiff has no interests that are antagonistic to or in conflict with the Kansas Overtime Class' interest in obtaining such a judicial finding.

46.     Plaintiff will fairly and adequately represent the interests of the Kansas Overtime Class, and he has retained competent and experienced counsel who will effectively represent the interests of the Kansas Overtime Class.

47.     Questions of law and fact are common to the class.  The Plaintiff and the Kansas Overtime Class have been subjected to the common business practices described in paragraph 40, *supra*, and the success of their claims depends on the resolution of common questions of law and fact.  Common questions of fact include whether the Defendant paid the proper overtime rate of pay for hours worked in excess of forty per work week, whether the Plaintiff and the Kansas Overtime Class worked in excess of forty hours per work week, and whether Defendant had actual or constructive knowledge that Plaintiff and others similarly situated worked more overtime hours than reported. Common questions of law include, *inter alia*, whether Defendant's conduct as alleged herein violated the KWPA for failing to pay all wages due on each and every pay period as required under the FLSA.

48.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Kansas Overtime Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Kansas Overtime Class members.

49.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 47 *supra*, predominate over any questions affecting only individual Kansas Overtime Class members.  In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

50.    The foregoing conduct, as alleged, constitutes a willful violation of the KWPA as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.  In turn, under KWPA Kan. Stat. § 44-315(b), Plaintiff and the Kansas Overtime Class are also entitled to liquidated damages set forth in this statute.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Kansas Overtime Class, seek the following relief:

a)    Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Kansas Overtime Class and issuance of notice to said members apprising them of the pendency of this action;

b)    Designation of Michael Dixon as Representative Plaintiff of the Missouri Class;

c)    Designation of Brendan J. Donelon of the law office of Donelon, P.C. as the attorney representing the Kansas Overtime Class;

d)    A declaratory judgment that the practices complained of herein are unlawful under the KWPA;

e)    An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f)    An award of damages for wages due the Plaintiff and Kansas Overtime Class, including liquidated damages allowed under the KWPA to be paid by Defendants;

g)    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h)    Pre-Judgment and Post-Judgment interest, as provided by law; and

i)    Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY

The Plaintiff in the above captioned matter hereby demands a jury for all claims set forth herein.

## LOCATION OF TRIAL

The location of this trial should be Kansas City, Kansas.

Respectfully Submitted,

the law office of   **DONELON, P.C.**   www.donelonpc.com

*/s/ Brendan J. Donelon*
Brendan J. Donelon, MO Bar. 43901
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:    (816) 221-7100
Fax:    (816) 709-1044
brendan@donelonpc.com

ATTORNEY FOR PLAINTIFF